UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 16-9-DLB

CHARLIE BELLS, JR.                                                                                  PETITIONER

V.                            MEMORANDUM OPINION AND ORDER

JAMES C. HOLLAND                                                                                  RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Charlie Bells, Jr., is an inmate confined by the Bureau of Prisons ("BOP") at the United States Penitentiary ("USP")-Victorville located in Adelanto, California. On January 13, 2016, Bells, proceeding *pro se*, filed a document identified as a "Uniform Application for Post-Conviction Relief." (Doc. # 1).[1] On that date, the Clerk of the Court administratively classified Bells's submission as a civil rights complaint under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Having carefully reviewed Bells's submission, the Court now determines that Bells's request for post-conviction relief challenging his federal drug conviction is more accurately classified as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Therefore, the Court will instruct the Clerk of the Court to re-characterize this proceeding, on the CM/ECF cover sheet, as a petition for writ of habeas corpus

---

[1] When Bells filed this proceeding, he was confined at the USP-McCreary, which is located in Pine Knot, Kentucky. Bells named James C. Holland, the former Warden of USP-McCreary as the "Defendant" to this action; Holland is no longer the Warden of that facility. On March 25, 2016, Bells notified the Court that he had been transferred to the USP-Victorville. (Doc. # 5).

pursuant to 28 U.S.C. § 2241 and to make other administrative adjustments to the docket sheet.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." (Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).[2]  Because Bells is not represented by an attorney, the Court evaluates his petition under a more lenient standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).  At this stage of the proceedings, the Court accepts Bells's factual allegations as true and liberally construes his legal claims in his favor.  However, for the reasons set forth below, the Court must deny the reclassified habeas petition because Bells does not state grounds entitling him to relief under 28 U.S.C. § 2241.  Bells has also filed a motion to proceed *in forma pauperis* (Doc. # 2), and based upon the inmate account information (Doc. # 3), which Bells has provided, his motion to proceed *in forma pauperis* status will be granted.

## CRIMINAL CONVICTION AND PRIOR COLLATERAL CHALLENGES

In June 2009, Bells pleaded guilty in federal court in Columbia, South Carolina, to various drug conspiracy and distribution charges under 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). *United States v. Charlie Bells, Jr.*, No. 3:08-CR-01264-JFA-1, Docs. # 50, 51

---

[2] The Court must address Bells's § 2241 petition because jurisdiction over a § 2241 petition is determined at the time the proceeding is filed, and the subsequent transfer of the prisoner will not defeat habeas jurisdiction. *White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002); *Walker v. Hogsten*, No. 10-CV-276–ART, 2011 WL 2149098, at *2, n.2 (E.D. Ky. May 31, 2011).

(D.S.C., 2008). On January 7, 2010, Bells was sentenced to serve a 235-month prison term. (*Id.* at Doc. # 73). Bells appealed his sentence, claiming ineffective assistance of counsel, but the Fourth Circuit Court of Appeals dismissed the appeal based on the waiver of appeal provision contained in Bells's plea agreement. (*Id.* at Doc. # 88); see *United States v. Charlie Bells, Jr.*, No. 10-4091 (4th Cir. May 20, 2010). The Fourth Circuit's mandate issued on June 11, 2010.

On June 10, 2011, Bells filed a motion requesting an extension to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (*Id.* at Doc. # 91). In his § 2255 motion, Bells argued that because he had been on institution lock down and had been stabbed four times, he was unable to file a § 2255 motion, and he attached a letter from a BOP official to substantiate his allegations. On June 15, 2012, the district court denied Bells's motion for a time-extension, holding that it was without jurisdiction to consider the request until a § 2255 motion was actually filed, and explaining that Bells's time for filing a § 2255 motion had not expired. (*Id.* at Doc. # 92). However, Bells did not file his § 2255 motion until months later, on May 21, 2012. (*Id.* at Doc. # 108).

The United States filed a motion to dismiss Bells's § 2255 motion as untimely. (*Id.* at Doc. # 114). On September 18, 2012, the district court granted the United States' motion and dismissed the § 2255 motion as untimely, explaining that Bells had only until September 11, 2011 to file his motion, but did not file until May 21, 2012, well past the deadline established in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28

3

U.S.C. § 2255(f). (*Id.* at Doc. # 117, pp. 4-6).[3] The district court also declined to issue a certificate of appealability. (*Id.*) Bells appealed, but the Fourth Circuit denied him relief, concluding that Bells had not made a substantial showing of the denial of a constitutional right. (*Id.* at Doc. # 131); *see United States of America v. Charlie Bells, Jr.*, No. 12-7986 (Mar. 1, 2013).

On May 22, 2014, Bells filed a motion to extend the time to file a motion under 28 U.S.C. § 2255, based on the holding in *Alleyne v. United States*, 133 S.Ct. 2151 (June 17, 2013). (*Id.* at Doc. # 151). The district court promptly denied Bells's motion, explaining that it could not extend the AEDPA filing deadline to allow Bells to file another § 2255 motion, because the filing deadline contained in 28 U.S.C. § 2255(f) is a statutory limitation. (*Id.* at Doc. # 152, p. 2). In September 2015, Bells filed a motion seeking a sentence reduction, but the district court denied that motion. (*Id.* at Docs. # 156, 157).

## CLAIMS ASSERTED IN THE § 2241 PETITION

Bells's handwritten allegations appear to continue to collaterally challenge his underlying drug conviction. Specifically, Bells makes five distinct arguments. First, that

---

[3] The district court explained why Bells's § 2255 filing deadline was September 11, 2011:

> For federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 529 (2003). In other words, if a direct appeal is filed but no petition for writ of certiorari is filed, an additional 90 days is added to the one-year period of limitations to file a § 2255 motion. **So, if the defendant's judgment of conviction became final on June 11, 2010, then 90 days from that date is September 11, 2010, plus one year is the final deadline of September 11, 2011**.

*United States v. Charlie Bells, Jr.*, No. 3:08-CR-01264-JFA-1, Doc. # 117, p. 2 (D.S.C., 2008).

4

he was denied effective assistance of counsel in violation of his rights guaranteed under the Sixth Amendment of the U.S. Constitution. Second, that he suffered from mental health issues which impaired his ability to understand his *Miranda* rights, and presumably, to effectively communicate with his trial counsel. Third, that his trial counsel failed to properly investigate his mental health issues and raise those issues as a defense. Fourth, that statements made from a cell-mate were improperly introduced as testimony at his trial. And fifth and finally, that he was denied discovery materials and access to his criminal history in violation of his right to due process guaranteed by the Fifth Amendment of the U.S. Constitution. As a result of the alleged violations, Bells seeks unspecified relief from his conviction and sentence.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

5

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255, as opposed to § 2241, provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule. Under this clause, a prisoner may to challenge the legality of his conviction through a § 2241petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *see Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. However, this exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her conviction under pre-existing law. *Charles*, 180 F.3d at 756. Likewise, a remedy is not "inadequate or ineffective" where the § 2241 petitioner actually asserted a claim (or claims) in a prior post-conviction motions under § 2255, but was denied relief. *Id.*

Bells is not challenging the manner in which the BOP is executing his sentence or calculating his good-time credits. Instead, he alleges that his underlying drug conviction resulted from various constitutional violations, which occurred during his criminal proceeding. Primarily, Bells claims that he was denied effective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution. Accordingly, Bells is challenging the constitutionality of his conviction on Fifth and Sixth Amendment grounds under § 2241 via the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for asserting these claims, because a federal prisoner may

6

challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is shown to be inadequate or ineffective.

The remedy under § 2255 is not rendered inadequate or ineffective simply because a § 2241 petitioner was denied relief under § 2255, because he was procedurally barred from pursuing relief under § 2255, because he was denied permission to file a second or successive motion to vacate, or because his § 2255 motion was denied as time-barred. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F App'x 946, 947 (6th Cir. 2002). The burden is on a § 2241 petitioner to establish that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Bells has not satisfied that burden. As the South Carolina district court explained in its Orders of September 18, 2013, and May 27, 2014, respectively, Bells had until **September 11, 2011**, in which to file a timely § 2255 motion in which he could have, and should have, raised his various Fifth and Sixth Amendment challenges to his drug conviction. Bells either knew, or should have known, of the facts giving rise to all of these claims on or before September 11, 2011. Nevertheless, Bells did not file his § 2255 motion until **May 21, 2012**, many months after his statutory filing deadline had expired. And as previously noted, on March 1, 2013, the Fourth Circuit denied Bells a certificate of appealability when he appealed the denial of his § 2255 motion. Thus, because Bells's § 2255 motion was time-barred, his § 2241 petition falls squarely in one of the situations envisioned in *Charles*, and his § 2255 remedy was not inadequate or ineffective due to Bells's lack of diligence in pursuing his claim.

As *Charles* dictates, a petitioner cannot use § 2241 to assert claims which he failed to raise in a § 2255 motion, or to assert claims were either time-barred (as was

7

the case here) or procedurally barred under § 2255.  Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255.  *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")  Bells failed to file a *timely* § 2255 motion.  Therefore, he is precluded from taking "another bite at the apple" by asserting his constitutional claims anew in a § 2241 petition.  Accordingly, Bells is not entitled to relief under § 2241.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).  However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003).  The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).  Bells cites no case decided by the Supreme Court which applies retroactively to him and which affords him relief from his conviction.

Because Bells broadly alleges that his trial counsel failed to provide him effective assistance of counsel, and because Bells is proceeding without an attorney, the Court will briefly address two cases recent Supreme Court cases, *Missouri v. Frye*, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), which discuss the circumstances under which a defendant may assert certain types of ineffective assistance claims.  Even broadly assuming that Bells had been denied effective

8

assistance of counsel during the plea negotiation process, the Sixth Circuit Court of Appeals and other federal appellate courts have held that *Frye* and *Lafler* do not announce a new constitutional rule, and therefore do not apply retroactively to cases on collateral review. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013).

Thus, Bells has failed to demonstrate that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the drug offenses of which he was convicted. Because Bells is not entitled to relief from his conviction under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

(1) The Clerk of the Court shall **RE-CLASSIFY** this proceeding, on the CM/ECF cover sheet, as petition for writ of habeas corpus under 28 U.S.C. § 2241; shall **IDENTIFY** Petitioner Charlie Bells, Jr., as the "Petitioner" to this proceeding; shall **IDENTIFY** James C. Holland as the "Respondent" to this proceeding; and shall **AMEND** the docket sheet to identify the initiating document filed by Petitioner Charlie Bells, Jr., (Doc. # 1) as a petition for writ of habeas corpus under 28 U.S.C. § 2241, instead of a 28 U.S.C. § 1331 civil rights complaint.

(2) The motion to proceed *in forma pauperis* (Doc. # 2) filed by Petitioner Charlie Bells, Jr., is **GRANTED**, and the $5.00 filing fee is **WAIVED**.

(3)     The 28 U.S.C. § 2241 petition for writ of habeas corpus (Doc. # 1) filed by Petitioner Charlie Bells, Jr., is **DENIED**.

(4)     The Court will enter a Judgment in favor of the Respondent.

(5)     This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 23rd day of May, 2016.

Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\ProSe\Bells 16-9-DLB Dism 2241 CKS.doc